# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0193, In the Matter of Wendy Mispel-John and Robert John, the court on December 31, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  See Sup. Ct. R. 18(1).  We affirm.

The petitioner, Wendy Mispel-John (wife), appeals the final decree of the Circuit Court (Tenney, J.) in her divorce from the respondent, Robert John (husband), arguing that the trial court erred in: (1) denying her motion for a continuance; (2) declining to impose sanctions for the husband's violation of the non-hypothecation order; (3) declining to impute income to the husband for alimony purposes; and (4) dividing the marital estate equally, rather than awarding her a greater share of the estate.

The wife first argues that the trial court erred in denying her motion for a continuance.  The decision to grant or deny a motion for a continuance is within the trial court's sound discretion.  In the Matter of Kempton & Kempton, 167 N.H. 785, 793 (2015).  "We will not overturn that decision unless it constitutes an unsustainable exercise of discretion, and the party seeking the continuance demonstrates that the decision is clearly unreasonable to the prejudice of her case."  Id. (citation, quotation, and brackets omitted).  In this case, the wife filed for divorce on August 20, 2015.  The case had been pending for over four years when, on January 17, 2020, approximately one month before the final hearing, the wife sought a continuance to retain "legal and financial counsel."

The wife had previously moved to continue the final hearing, which had been scheduled for November, 14, 2019, representing to the court at that time that she had retained counsel.  The wife's subsequent motion detailed her continued difficulties in retaining counsel.  She also alleged that the husband had not complied with discovery regarding his finances, and that further investigation was necessary regarding his business, M/R Tools, LLC.  In its final decree, the court found that, although the husband was not diligent in his responses, he eventually complied with his discovery obligations regarding his finances.  The court also found that M/R Tools, LLC, was defunct, a fact that the wife acknowledges in her brief.  We need not address the additional allegations the wife raised at the final hearing because she did not renew her motion at the hearing.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (parties may not have judicial review of matters not raised in the trial

court); see also In the Matter of Birmingham & Birmingham, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel). Based upon this record, we conclude that the wife has failed to demonstrate that the trial court's denial of her request for a continuance was clearly unreasonable to the prejudice of her case. See In the Matter of Kempton, 167 N.H. at 793.

The wife next argues that the trial court erred in declining to impose any sanctions for the husband's violation of the non-hypothecation order. See RSA 458:16-b (2018) (restraining orders in divorce matters). She argues that the purpose of the order was to prevent the parties from squandering or concealing assets or otherwise making it impossible for the court to equitably divide the marital estate, see In the Matter of Brownell & Brownell, 163 N.H. 593, 600 (2012), and that the court should have sanctioned the husband for his conduct.

The contempt power is discretionary, and the proper inquiry is whether the trial court unsustainably exercised its discretion. In the Matter of Clark & Clark, 154 N.H. 420, 425 (2006). The trial court's discretion extends to the fashioning of a remedy that is remedial, coercive, and for the benefit of the complaining party. See In the Matter of Kosek & Kosek, 151 N.H. 722, 727-28 (2005). The record shows that, after the husband lost his job in 2019, he used half of the $125,000 in his retirement accounts to fund a used car sales business. The court found him to be in contempt of its non-hypothecation order; however, the court declined to impose any sanctions because it found that the husband did not squander or conceal any assets, and because it ordered an equal division of the retirement accounts, and the husband "did not take more than his half share." Based upon this record, we conclude that the trial court sustainably exercised its discretion in declining to impose any sanctions for the husband's conduct. See In the Matter of Clark, 154 N.H. at 425.

The wife next argues that the trial court erred in declining to impute income to the husband for alimony purposes. The court found that, although the husband's used car sales business had not yet generated any profit, he was "taking all the necessary steps" to "generate income soon" and "has reasonable prospects to be able to do so successfully." The court found that the husband may have "an ability to pay some alimony in the near future, if his business gets up and running and has success," but that, in the meantime, "[h]e has been living off proceeds from an auto accident settlement" and is unable to pay alimony. The court ordered the husband to provide profit and loss statements to the wife on July 1, 2020, and December 31, 2020, noting that if the statements show sufficient income to support an award of alimony, the wife may have grounds to seek alimony at that time. See RSA 458:19, I (2018) (amended 2018) (allowing party to seek an award of alimony within five years of the divorce decree). Because the wife did not ask the trial court to impute

income to the husband for alimony purposes, we conclude that this issue is not preserved.  See Bean v. Red Oak Prop. Mgmt., 151 N.H. at 250.  We note, however, that even if the wife had raised this issue, we would conclude that the trial court was not compelled to impute income to the husband under these circumstances.

Finally, the wife argues that the trial court erred in dividing the marital estate equally, rather than awarding her a greater share of the estate.  She also argues that the court failed to provide sufficient reasons for its property division.  We afford trial courts broad discretion in determining matters of property distribution in fashioning a final divorce decree.  In the Matter of Ramadan & Ramadan, 153 N.H. 226, 232 (2006).  We will not overturn the trial court's decision absent an unsustainable exercise of discretion.  Id.  Under RSA 458:16-a, II (Supp. 2019), an equal division of property is presumed equitable unless the trial court decides otherwise after considering one or more of the factors designated in the statute.  In the Matter of Letendre & Letendre, 149 N.H. 31, 35 (2002).

"The statute enumerates various factors for the court to consider, such as the length of the marriage, the ability of the parties to provide for their own needs, the needs of the custodial parent, the contribution of each party during the marriage and the value of property contributed by each party."  In the Matter of Crowe & Crowe, 148 N.H. 218, 221 (2002); see RSA 458:16-a, II.  In this case, the court noted that this was a no-fault divorce, and a long-term marriage.  The court also found no evidence that the husband dissipated marital assets, despite the wife's claims to the contrary.  We conclude that the record support's the trial court's property division, see In the Matter of Ramadan, 153 N.H. at 232, and that the court made sufficient findings to support its order.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3